Larry Thompson v. Police Officer Pagiel Clark, et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of February, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             MICHAEL H. PARK,
                     *Circuit Judges.*
_____

LARRY THOMPSON,

                     *Plaintiff-Appellant*,

             v.                                              19-580-cv

POLICE OFFICER PAGIEL CLARK, SHIELD #28472,
POLICE OFFICER PAUL MONTEFUSCO, SHIELD# 10580
POLICE OFFICER PHILLIP ROMANO, SHIELD # 6295
POLICE OFFICER GERARD BOUWMANS, SHIELD # 2102,

                     *Defendants-Appellees*.

CITY OF NEW YORK, POLICE OFFICERS JOHN AND JANE
DOES 1-10, POLICE OFFICER WARREN RODNEY,
SHIELD # 13744, SERGEANT ANTHONY BERTRAM,
SHIELD #277,

                     *Defendants.*

_____

Appearing for Plaintiff-Appellant:	Amir H. Ali, Roderick & Solange MacArthur Justice Center, Washington, D.C.

Appearing for Defendants-Appellee:	Kevin Osowski, Assistant Corporation Counsel (Devin Slack, Richard Dearing, *on the brief*), *for* Georgia M. Pestana, Acting Corporation Counsel of the City of New York, New York City Law Department, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Larry Thompson appeals from the February 8, 2019 final judgment entered in the United States District for the Eastern District of New York (Weinstein *J.*) granting judgment as a matter of law in favor of the defendants pursuant to Rule 50 on Thompson's 42 U.S.C. § 1983 claim for malicious prosecution due to his failure to establish favorable termination of his criminal case, and entering judgment pursuant to a jury verdict in favor of defendants on Thompson's other section 1983 claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's decision granting judgment as a matter of law pursuant to Rule 50. *See Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003). We review challenges to jury instructions de novo. *United States v. Quattrone,* 441 F.3d 153, 177 (2d Cir. 2006).

With respect to the malicious prosecution claim, Thompson argues that he should not be required to prove favorable termination because it is not a substantive element of the claim. In *Lanning v. City of Glens Falls*, 908 F.3d 19 (2d Cir. 2018), we acted to "dispel any confusion among district courts" and held that section 1983 malicious prosecution claims require "affirmative indications of innocence to establish favorable termination." *Id.* at 25 (internal quotation marks omitted). We rejected the more permissive standard of proof for malicious prosecution claims asserted under New York state law.

We also affirmed in *Lanning*, the rule first announced in *Hygh v. Jacobs*, 961 F.2d 359, 368 (2d Cir. 1992), that dismissal under section 170.40 of the New York Criminal Procedure Law is by itself insufficient to satisfy the favorable termination requirement as a matter of law. In *Lanning*, the complaint did not specify a basis for the dismissal. Both the plaintiff and the defendants asserted that the complaint had been dismissed at least in part due to jurisdictional reasons. Here, too, neither the prosecution nor the court provided any specific reasons about the dismissal on the record. Also, in an evidentiary hearing before the district court, Thompson's

state-court defense counsel testified that she was unable to point to any affirmative indication of innocence. "When a person has been arrested and indicted, absent an affirmative indication that the person is innocent of the offense charged, the government's failure to proceed does not necessarily 'impl[y] a lack of reasonable grounds for the prosecution.'" *Lanning,* 908 F.3d at 28 (quoting *Conway v. Village of Mount Kisco*, 750 F.2d 205, 215 (2d Cir. 1984). In fact, the district court here held an evidentiary hearing and found that the evidence of Thompson's guilt of the crime of obstruction of governmental administration and resisting arrest was substantial, and that dismissal was likely based on factors other than the merits. We are "bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004). Accordingly, we agree with the district court that it was bound by *Lanning* to enter judgment in favor of the defendants on Thompson's malicious prosecution claim.

With respect to Thompson's challenge to the jury instruction assigning him the burden of proof with respect to whether exigent circumstances authorized the police officers' warrantless search of his apartment, we find no error. In *Ruggiero v. Krezeminski*, 928 F.2d 558 (2d Cir. 1991), we held that a warrantless search, though presumptively unreasonable, "cannot serve to place on the defendant the burden of proving that the official action was reasonable." *Id.* at 563; *see also Harris v. O'Hare*, 770 F.3d 224, 234 n.3 (2d Cir. 2014) ("Of course, as in all civil cases, 'the ultimate risk of non-persuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials.'" (quoting *Ruggiero*, 928 F.2d at 563)).

We have considered the remainder of Thompson's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3